LEMMER *v*. CHICOPEE MFG. Co.

5-2310                                     345 S. W. 2d 629

Opinion delivered May 1, 1961.

*Edward H. Herrod,* for appellant.

*Gannaway & Gannaway,* for appellee.

J. SEABORN HOLT, Associate Justice. This is a workmen's compensation case under the provisions of §§ 81-1301—81-1349, Ark. Stats. 1947. Daniel Lemmer worked for the Chicopee Manufacturing Company as a card operator. His duty, as a card operator, was to feed raw materials into a large machine for the purpose of making blankets. The raw materials are rolled upon a lap that is held in place by a rod which protrudes

slightly on either side of the machine. On or about the 6th or 7th of January, 1959, a belt slipped off the machine and fell to the floor. Lemmer jumped down from the machine and claimed that in so doing, he hit his eye against the protruding lap rod. Soon thereafter he noticed a loss of vision. An examination revealed that Lemmer had dendritic keratitis, a virus infection of the eye. A claim for workmen's compensation benefits was filed and a hearing held. The referee denied benefits and the full commission and the circuit court affirmed this denial.

The only point for reversal relied upon by the claimant is that there was no substantial evidence to support the finding of the commission. After reading the record, we hold there was substantial evidence to support the action of the commission and that of the circuit court.

Dr. James Dorsey testified that the type problem the claimant had with his eye probably was not related to any blow he might have received. Dr. Forrest Henry testified that dendritic keratitis is a virus infection commonly found without any history of trauma. Dr. Henry further testified that it would be rather hard to conceive of a patient having an abrasion sufficient to provide entry of dendritic keratitis and not be aware of the injury at the time and that an abrasion of this degree should give pain sufficient to cause the patient to seek medical care at the time. It is undisputed that the claimant sought no medical care until some weeks later, and the claimant himself stated the reason he didn't report the injury was that his eye was no longer hurting when he returned to work. Dr. Henry further stated in a letter made a part of the record that the condition of the claimant was the result of a virus infection and would not be related to his occupation.

In *Moore* v. *Long-Bell Lumber Company*, 228 Ark. 345, 307 S. W. 2d 533, we said: "* * * Under our Workmen's Compensation Law the commission acts as a trier of the facts—*i.e.*, a jury—in drawing the inferences and reaching the conclusions from the facts. We

have repeatedly held that the findings of the Commission is entitled to the same force and effect as a jury verdict."

Affirmed.